UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY GOODEN,

       Plaintiff,                      Case No: 12-11954

v.                                        Hon. Victoria A. Roberts

CONSUMERS ENERGY COMPANY,

       Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 19)**

**I.    INTRODUCTION**

Anthony Gooden, an insulin dependent diabetic, claims that Consumers Energy Company ("Consumers") failed to accommodate his disability-related requests and retaliated against him for exercising his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws § 37.1201 *et seq.*

Before the Court is Consumers' Federal Rule of Civil Procedure 56 motion for summary judgment.

The Court **GRANTS IN PART** and **DENIES IN PART** this motion, finding that (1) issues of fact remain on the adequacy of Consumers' proposed alternative accommodations; (2) Gooden has not demonstrated that his request to be assigned close to home is a reasonable accommodation necessary to perform the essential

1

functions of his job; and (3) Consumers' arguments regarding Gooden's retaliation claim are insufficient and fail, in light of Gooden's amended complaint.

## II. BACKGROUND

The following facts are undisputed. Gooden suffers from diabetes and is insulin dependent. When this motion was filed, Gooden worked for Consumers as a gas service technician. He repairs appliances such as furnaces, air conditioners, and hot water tanks, responds to gas emergencies, gas leaks, reads and operates meters, and checks for carbon monoxide. His work entails responding to customer requests in different locations.

In July, 2010, Gooden gave Consumers a July 22, 2010 letter from his doctor, stating that Gooden's medical conditions require that he not expose himself to extreme heat. The doctor also suggests that: (1) Gooden work close to his home in Southfield, so that he could have access to his insulin, which is kept refrigerated at his home and requires cool temperature to prevent spoilage in a heated vehicle; and (2) Gooden work in an air-conditioned vehicle to help keep his insulin cold, given that Gooden must take it with every meal.

Consumers representatives Caldwell and Romosier met with Gooden and gave him a letter--dated July 28, 2010--denying his requests:

> It is the company's position that these recommendations, specifically air conditioned work vehicle and the scheduling of work near your home, are better met by other reasonable accommodation that are available to you. As an example, medical supply outlets carry cool packs specifically designed for your needs or a cooler with ice would keep your medication cool while working. All employees are highly encouraged to maintain hydration while working due to the numerous benefits water provides. It is also unreasonable to adjust workload to an area near your home as we serve customers through the northern metro area and we are unable to

2

2:12-cv-11954-VAR-LJM Doc # 30 Filed 09/09/13 Pg 3 of 15 Pg ID 1196

>predict where our workload may be from day to day.
>
>Every day, hundreds of our employees with similar medical conditions successfully perform their duties without the recommendations your doctor provided. We feel confident that you too can continue to perform your duties by exploring other options available to you.

(Plaintiff's response to Defendant's motion for summary judgment, Doc. 20, Exhibit H, at Pg ID 764).

Gooden filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

In a December 2, 2010 letter, Consumers' Director of Equal Employment Opportunity stated that:

>The company considered his request. The work area which Mr. Gooden covers entails several miles in a metropolitan county wide area. There are 11 Gas Service Workers on Mr. Gooden's shift covering over 400,000 customers. An essential function of the Gas Service Worker job is responding to emergency work which requires availability to respond to any call over the area within a minimum of 30 minutes. It would not be possible to meet that 30 minute requirement and restrict Mr. Gooden's job assignment area to that immediately around his home. In addition, on any given day there may not be enough work to keep him fully employed in the area immediately around his home. The nature of the work does not lend to exact scheduling for job completion. The company offered that it is very possible to keep insulin cool while working with the use of cool packs and coolers and that many other diabetics use that as an accommodation at work. Mr. Gooden further explained he needed an air conditioned vehicle to assist in maintaining hydration in the summer months. The company assessed this request and determined it was not reasonable as he would be able to maintain hydration without an air conditioned vehicle.

(Defendant's motion for summary judgment, Doc. 19, Exhibit 3, at Pg ID 121).

The EEOC issued Gooden a right to sue letter, finding reasonable cause to believe a violation had occurred.

In the original one-count complaint, Gooden claims Consumers' failure to

3

accommodate his requests violates the ADA and PWDCRA. Gooden also claims Consumers retaliated against him for exercising his rights under the ADA and PWDCRA.

Gooden has now been assigned an air-conditioned vehicle.

After Consumers filed this motion for summary judgment, Gooden filed an amended complaint; it adds a specific count for retaliation and allegations in support. Consumers did not supplement its summary judgment motion after the amended compliant was filed.

### III. STANDARD OF REVIEW

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). A fact is material if it could affect the outcome of the case based on the governing substantive law. *Id.* at 248. A dispute about a material fact is genuine if on review of the evidence, a reasonable jury could find in favor of the nonmoving party. *Id.*

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The Court may grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United*

*Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003). "The mere existence of a scintilla of evidence in support o the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment." *Johari v. Big Easy Restaurants, Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

When reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**IV. ANALYSIS**

    **1. Count One: Violation of the ADA and MPWDCRA**

Gooden alleges that Consumers failed to make reasonable accommodations for his diabetes-related needs by not granting his requests: (1) for an air-conditioned work vehicle to cool off and prevent the spoilage of his insulin; and (2) to restrict his work assignments to areas near his home so that he would have "regular and easy access to his insulin."

Gooden does not distinguish his claims between the ADA and the PWDCRA, and the Sixth Circuit held that the ADA and PWDCRA "substantially mirror" each other.

5

*Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012). Therefore, "claims under both statutes are generally analyzed identically." *Steward v. New Chrysler*, 415 F. App'x 632, 641 (6th Cir. 2011). Accordingly, the Court considers Defendant's concurrent arguments under the ADA and the PWDCRA in tandem. *See, e.g., Chavez v. Waterford Sch. Dist.*, 720 F. Supp. 2d 845, 854 (E.D. Mich. 2010)

Under the ADA, it is unlawful to discriminate against a qualified individual in the terms and conditions of employment based on that individual's disability. *See* 42 U.S.C. § 12112(a). An employer violates the ADA if it fails to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

The disabled employee "bears the initial burden of proposing an accommodation and showing that accommodation is objectively reasonable." *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 634 (6th Cir.1998) (internal quotation marks omitted). If the disabled employee satisfies this initial burden, "then the employer bears the burden of proving that the accommodation is unreasonable and imposes an 'undue hardship' on the employer." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 781 (6th Cir. 1998).

To establish a *prima facie* case for failure to accommodate under the ADA, a plaintiff must show that:

> (1) she is disabled within the meaning of the Act; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) her

employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation.

*Johnson v. Cleveland City School District*, 443 Fed. Appx. 974, 982-983 (6th Cir. 2011), citing *DiCarlo v. Potter*, 358 F.3d 408, 419 (6th Cir. 2004).

"Once a plaintiff establishes a *prima facie* case, the burden shifts to the employer to demonstrate that any particular accommodation would impose an undue hardship on the employer." *Id.* at 983 (citing *DiCarlo*, 358 F.3d at 419).

Consumers concedes that Gooden is disabled within the ADA, (Defendant's motion for summary judgment, Doc. 19, at Pg ID 74); the Court therefore assumes, for the purpose of this motion, that Gooden has a qualifying disability. From the pleadings, there is also no dispute that: Gooden is qualified for the position, Consumers knew of his disability, and Gooden requested an accommodation. At issue is whether Consumers failed to provide a necessary accommodation.

Related to this issue is Consumers' contention that it offered Gooden alternative reasonable accommodations. *See Scalera v. Electrograph Sys., Inc.*, 848 F. Supp. 2d 352, 368 (E.D.N.Y. 2012). "While the ADA 'does not require the employer to provide every accommodation a disabled employee may request,' it does require that 'the accommodation provided is reasonable.'" *Id.* (quoting *D'Eredita v. ITT Corp.*, 370 Fed.Appx. 139, 141 (2d Cir. 2010)).

Under the ADA, the employer is required to provide such reasonable accommodations as will enable an employee with a qualifying disability to perform the essential functions of his job. *Trepka v. Bd. of Educ.*, 28 F. App'x 455, 459 (6th Cir.

7

2002) (citing 42 U.S.C. § 12112(b)(5)(A); *Gaines v. Runyon*, 107 F.3d 1171, 1178 (6th Cir. 1997)). A request for accommodation by an employee or his physician triggers the employer's statutory duty reasonably to accommodate the employee's condition. *Id.* The employer need not provide the accommodation that the employee requests or prefers. *Id.* Instead, the employer retains the "ultimate discretion" to choose another effective accommodation. *Id.* Accordingly, an employee is not entitled to a particular reasonable accommodation if another reasonable accommodation is provided. *Id.* at 460.

To prevail on a motion for summary judgment, Gooden must demonstrate a genuine issue of material fact on the inadequacy of the offered alternatives. *Id.*

Gooden's proposed accommodation was: (1) an air-conditioned work vehicle in which to stay cool and to keep his insulin cold; and (2) to be assigned close to home so he could keep his insulin refrigerated and administer his insulin at home.

Consumers' argument for summary judgment is two-fold. First, Consumers says that the alternative accommodations offered to Gooden were reasonable and adequate. Second, Consumers argues that Gooden's request to be exclusively assigned to work near his home is unreasonable because it would impose an undue burden on the company, Primarily, however, Consumers focuses on the reasonableness or adequacy of its proposed alternative accommodations. Hence, the Court focuses its analysis on whether Gooden raises genuine issues of fact on the adequacy of the proposed alternative accommodation to preclude summary judgment. *See id.* at 459-60 ("To prevail [on a motion for summary judgment] [the plaintiff] must demonstrate a genuine issue of material fact with regard . . . to the inadequacy of the offered alternatives.").

8

**1. Genuine issues of fact remain on the adequacy of Defendant's proposed accommodations to address Gooden's need to prevent heat exposure and maintain his insulin cold**

Regarding Gooden's request for an air-conditioned vehicle to prevent extreme heat exposure, Consumers proposed that Gooden take advantage of its existing policy, which allowed employees to "take breaks at restaurants or other establishments to cool off on hot days."

Gooden argues that this policy is unreasonable because his particular situation is different from other non-diabetic employees: Gooden says: (1) he cannot wait to take breaks as long as other employees are able to; (2) there might not be places to cool off close to a particular assignment location; and (3) accidents or constructions may delay reaching an air-conditioned place. Gooden satisfies his burden to raise questions of fact on the adequacy of Consumers' proposed alternative. *See id.*

Regarding Gooden's request to address the need to keep his insulin cold, Consumers says it "offered to provide" Gooden a plug-in, powered medical cooler to keep the insulin cold in the (non-air-conditioned) vehicle. However, Gooden argues that Consumers never offered or provided him this cooler; Gooden says the company instructed him to research on his own, and find something suitable for his needs.

The deposition testimony on which Consumers relies to support this argument does not establish that Consumers actually offered to provide Gooden with a cooler: (1) Gooden stated in his deposition that one of Consumers' employees mentioned that a plug-in cooler could be bought online, but Gooden stated that "they" (employees) were not supposed to plug anything into their cigarette lighters. (Defendant's motion for

9

summary judgment, Doc. 19, Exhibit 1 at 27-28); and (2) this same employee stated that "*if* it really deems to be that necessary we'll attempt to actually purchase a cooler to help you with that." (Defendant's motion for summary judgment, Doc. 19, Exhibit 6 at 47) (emphasis added). Gooden also says that he bought a medical cooler on his own, but that it was ineffective at keeping his insulin at a regulated temperature.

Gooden satisfies his burden to raise issues of facts on whether this alternative accommodation was indeed offered, and whether it would be adequate. *Cf. Trepka*, 28 F. App'x at 460 (no genuine issue of material fact that the alternative accommodations were offered, available, and adequate).

**2. Gooden fails to raise a genuine issue of fact on the necessity of being assigned to work close to home, in order to be able to perform the essential duties of his job**

Gooden asked to be assigned to work close to his home--to keep his insulin cold, check his blood sugar, and administer insulin. Consumers says that scheduling Gooden close to home would be unreasonable and pose an undue hardship. In arguing the unreasonableness of Gooden's request, Consumers also states that Gooden testified he was able to do his job without being assigned close to home.

The Court need not determine whether assigning Gooden to work near his home would pose an undue hardship; there is no question of fact that this accommodation is not necessary to allow Gooden to perform the essential functions of his position. *See, e.g., Gaines*, 107 F.3d at 1176 ("The burden never shifted to [the defendant] to demonstrate that the requested . . . accommodation imposed an undue hardship, because plaintiff failed to demonstrate a need for the requested accommodation.").

In analyzing claims for disability discrimination for failure to accommodate under the Rehabilitation Act, 29 U.S.C. § 794, the Sixth Circuit held that the Rehabilitation Act "incorporates the standards of the [ADA]." *Benaugh v. Ohio Civil Rights Comm'n.*, 278 Fed. Appx. 501, 507 (6th Cir. 2008). To prevail, "[t]he plaintiff must . . . demonstrate that without the requested accommodation, he is unable to perform the essential functions of his job." *Gaines*, 107 F.3d at 1178 (analyzing a failure to accommodate claim under the Rehabilitation Act); *see also Trepka*, 28 F. App'x at 459 (in a claim under the ADA, "[i]f an employee has a qualifying disability, the employer is required to provide such reasonable accommodations as will enable her to perform the essential functions of her job." (citing *Gaines*, 107 F.3d at 1178)). Indeed, "reasonable accommodation" means "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." *Schultz v. Alticor/Amway Corp.*, 177 F. Supp. 2d 674, 677 (W.D. Mich. 2001) aff'd, 43 F. App'x 797 (6th Cir. 2002) (quoting 29 C.F.R. § 1630.2(o)(1)(ii)).

Consumers says that Gooden's request to be able to go home and administer insulin is unreasonable because Gooden testified that he can perform the essential functions of his job wherever he is working, and that being assigned work that is not near his home does not affect his ability to do his job. (Defendant's motion for summary judgment, Doc. 19, Exhibit 1, at 74-75).

Gooden does not specifically address whether assignment to work close to his home is necessary for him to be able to perform the essential functions of his job. The

only argument which the Court identifies as potentially relevant to this that Gooden makes, is that injecting insulin in the company truck would affect public relations if customers see him doing it, and that he is often sweaty and dirty and the truck does not provide him the opportunity to wash his hands, nor does it have an adequate location to store his testing and insulin materials.

This does not raise an issue of fact on Gooden's home accommodation request. Indeed, Gooden testified that his assignment to work areas not close to his home, does not prevent him from accomplishing his job, and he is able to test his blood and administer his insulin in his company vehicle. (Defendant's motion for summary judgment, Doc. 19, Exhibit 1, at 74-75, 81).

Gooden failed to show that being assigned to work near his home for testing and insulin administration at home is a reasonable accommodation necessary to perform the essential functions of his job. Therefore, he fails to make an adequate claim for denial of a reasonable accommodation based on Consumers' refusal to give him the requested assignment. *See Gaines*, 107 F.3d at 1178; *see also Schultz*, 177 F. Supp. 2d at 677 ("The "reasonable accommodation" must enable the individual to perform the essential functions of that position." (internal quotation marks omitted)). Consumers is entitled to summary judgment on this claim.

Gooden also seeks to preclude summary judgment by arguing that issues of fact remain on whether Consumers violated the interactive process required under the ADA. *See generally Kleiber v. Honda of America Mfg., Inc.*, 485 F.3d 862, 871 (6th Cir.2007) ("The ADA's regulations indicate that, [t]o determine the appropriate reasonable

accommodation [for a given employee,] it may be necessary for the [employer] to initiate an informal, interactive process with the [employee]. . . . [This] process requires good-faith communication between the parties to explore possible accommodations." (internal quotations marks omitted)).

This argument is unavailing regarding Gooden's request to be assigned to work close to home, given: (1) the Court's finding that Consumers did not fail to provide a reasonable accommodation because Gooden's requested accommodation was not necessary to perform the essential functions of his job; and (2) Gooden's concession that a violation of the interactive process alone cannot form the basis for liability for an ADA failure to accommodate claim, absent a showing that a reasonable accommodation was possible. *See Keith v. Cnty. of Oakland*, 703 F.3d 918, 929 (6th Cir. 2013)*; see also Denczak v. Ford Motor Co.*, 215 Fed. App'x 442, 446 (6th Cir. 2007) ('[A]n employer violates [the interactive process] requirement only if, among other things, the employee can demonstrate that the employee could have been reasonably accommodated but for the employer's lack of good faith." (quoting *Breitfelder v. Leis*, 151 Fed. Appx. 379, 386 (6th Cir. 2005).

With respect to Gooden's other argument, focus on the interactive process is moot, since Gooden successfully raised factual issues on the adequacy of Consumers' alternative accommodations, precluding summary judgment on those requests.

**2. Count Two: Retaliation**

Consumers argues that two letters of discipline and two "Performance Correction Plans" (PCP) or "Performance Improvement Plans" (PIP), do not satisfy the elements of

13

an ADA retaliation claim, because there is no evidence that: (1) any of these actions is related to Gooden's diabetes or accommodation requests; (2) these actions were pretextual; or (3) Gooden suffered any adverse employment action as a result. *See generally* 42 U.S.C. § 12203 (prohibiting discrimination against any individual for engaging in conduct protected by the ADA).

Consumers asserted this argument before Gooden amended his complaint to include specific allegations of retaliation; these new allegations go beyond the letters of discipline and the PIPs. Consequently, Consumers motion is insufficient to challenge the allegations in Gooden's amended complaint.

## V. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Consumers' motion:

(1) Summary judgment on Gooden's failure to accommodate claim is **DENIED** regarding Gooden's request for accommodation to prevent heat exposure and to keep his insulin cold; issues of fact remain on the adequacy of Consumers' proposed alternative accommodations;

(2) Summary judgment on Gooden's failure to accommodate claim is **GRANTED** regarding Gooden's request to be assigned to work close to home; Gooden has not demonstrated that his request is a reasonable accommodation necessary to perform the essential functions of his job; and

(3) Summary judgment on Gooden's retaliation claim is **DENIED;** Consumers' arguments regarding Gooden's retaliation claim do not address the allegations in Gooden's amended complaint.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 9, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 9, 2013.<br><br>S/Linda Vertriest<br>Deputy Clerk |